1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   SILVIA ARIAS,                              No. 1:17-CV-01130-DAD-SAB
12                   Plaintiff,
13          v.                                  ORDER GRANTING MOTION TO DISMISS
14   SELECT PORTFOLIO SERVICING,                (Doc. No. 4)
     INC., et al.,
15
                     Defendants.
16
17
18          This matter came before the court on defendants' motion to dismiss. (Doc. No. 4.) A

19   hearing on the motion was held on December 5, 2017. Attorney Leah Zabel appeared on behalf

20   of the plaintiff. Attorney Marvin Adviento appeared on behalf of defendants Select Portfolio

21   Servicing ("SPS") and U.S. Bank, National Association as Trustee for WAMU Mortgage Pass

22   Through Certificate for WMALT Series 2007-OA4 ("U.S. Bank Trust").[1] The court has

23   considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant

24   the defendants' motion to dismiss.

25   /////

26   ---

27   [1] Sued herein as "U.S. Bank, National Association Successor Trustee to Bank of America, NA,
     Successor in Interest to LaSalle Bank, NA as Trustee on Behalf of the Holders of the Washington
28   Mutual Mortgage Pass-through Certificates, WMALT Series 2007-OA4."

                                                    1

**BACKGROUND**

In her complaint plaintiff alleges as follows. In January 2007, plaintiff's husband Francisco Arias took out a loan from Loan Center of California, Inc. in the amount of $216,000. (Doc. No. 1-1 at 10.) The repayment of the loan was secured by a Deed of Trust recorded against the real property located at 1121 East Ponderosa Avenue, Reedley, California, 93654. (*Id.* at 2, 10.) Arias passed away in April 2007, after which plaintiff fell behind on making monthly payments, and ceased making payments altogether after November 2009. (*Id.* at 11.) In July 2009, the original beneficiary under the Deed of Trust, Mortgage Electronic Registration Systems, Inc., assigned to U.S. Bank Trust all beneficial interest in the alleged debt. (*Id.* at 12.) On July 9, 2009, a Notice of Default was executed and recorded on plaintiff's property, and on October 15, 2009, a Notice of Trustee's Sale was executed and recorded against plaintiff's property. (*Id.* at 12.) From 2011 to 2014, plaintiff received a total of six Notices of Sale threatening foreclosure. (*Id.*) On or about June 1, 2017, plaintiff received a letter informing her that the foreclosure sale would no longer be postponed. (*Id.* at 15.) Plaintiff alleges that none of the defendants named in this lawsuit have authority to collect on the alleged debt, service the debt, or proceed with a non-judicial foreclosure. (*Id.* at 11–12.)

Plaintiff commenced this action in Fresno County Superior Court on August 7, 2017. (*Id.*) She asserts seven causes of action: (1) violation of the California Code of Civil Procedure § 366.2; (2) violation of the Commercial Code § 3118; (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (4) violation of § 1692f(6) of the Fair Debt Collection Practices Act; (5) cancellation of instruments; (6) violation of the California Homeowner's Bill of Rights, California Civil Code § 2919, *et seq.*; and (7) violation of California Business and Professions Code § 17200, *et seq.* (*Id.*)

On August 22, 2017, defendants removed the action to federal court, asserting federal question jurisdiction on the basis of plaintiff's FDCPA claims. (Doc. No. 1.) On August 29, 2017, defendants filed the instant motion to dismiss. (Doc. No. 4.) Plaintiff filed her opposition on September 21, 2017. (Doc. No. 8.) Defendants filed their reply on November 27, 2017. (Doc. No. 18.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

**I.     Judicial Notice**

Before turning to defendants' motion to dismiss, the court first considers defendants' request for judicial notice. (Doc. No. 5.) Defendants have requested judicial notice of the

following documents: the Deed of Trust related to the subject property, recorded with the Fresno County Recorder on January 19, 2007 (Doc. No. 5, Ex. 1); an Assignment of Deed of Trust, recorded with the Fresno County Recorder on July 14, 2009 (Doc. No. 5, Ex. 2); a Substitution of Trustee, recorded with the Fresno County Recorder on September 13, 2016 (Doc. No. 5, Ex. 3); a Notice of Default and Election to Sell, recorded with the Fresno County Recorder on September 13, 2016 (Doc. No. 5, Ex. 4); and a Notice of Trustee's Sale, recorded with the Fresno County Recorder on December 19, 2016 (Doc. No. 5, Ex. 5). Plaintiff objects that the court may only take judicial notice of the existence of these documents, and not the truth of the contents therein. (Doc. No. 9 at 3–4.)

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee*, 250 F.3d 668, 689 (9th Cir. 2001). Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

The exhibits offered by defendants for judicial notice are all matters of public record, duly recorded with the Fresno County Recorder. (*See* Doc. No. 5, Exs. 1–5.) The fact of their recording can be "accurately and readily determined" because the accuracy of the source of the records—the Fresno County Recorder—cannot reasonably be questioned. Fed. R. Evid. 201(b). Defendants' requests for judicial notice will be granted. However, in granting those requests, the court merely takes judicial notice of the existence of these documents, and not the disputed facts reflected therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

/////

**II.     Motion to Dismiss**

      a. <u>Standing</u>

Defendants first argue, in cursory fashion, that this action must be dismissed because plaintiff lacks standing. Defendants note that plaintiff was not a borrower on the loan and that she has not assumed any obligations under the loan, and thus is not a "real party in interest" within the meaning of Rule 17(a)(1). (Doc. No. 4 at 2–3.) Because defendants challenge plaintiff's prudential standing, rather than her constitutional standing, this motion is properly analyzed under Rule 12(b)(6). *See Doe v. Hamburg*, No. C-12-3412, 2013 WL 3783749, at *5 (N.D. Cal. July 16, 2013) ("While constitutional standing is evaluated under [Rule] 12(b)(1), prudential standing is evaluated under Rule 12(b)(6).").

In her opposition to the motion to dismiss, plaintiff merely asserted that she has standing because she was granted "sole legal interest in the Property on August 28, 2007," after the death of her husband, the mortgagor. (Doc. No. 8 at 12.) In a supplemental filing on December 8, 2017, consisting of exhibits plaintiff had intended to file with her complaint, plaintiff provided a copy of the September 10, 2007 spousal court order designating that the subject property pass to plaintiff as the surviving spouse. (Doc. No. 23, Ex. B.) Defendants fail to address why plaintiff, as a successor in interest to the property, does not have standing to challenge a foreclosure of that property. *See Ward v. Wells Fargo Home Mortgage, Inc.*, Case No. 14-cv-00565 NC, 2014 WL 3885836, at *3 (N.D. Cal. Aug. 7, 2014) (holding that plaintiff could bring an action on behalf of deceased mortgagor against mortgagee "if she is the personal representative of [the] estate or [decedent's] successor in interest.").

One judge of this court has held that a stranger to a loan did not have standing to challenge a foreclosure where the borrower was deceased, but under circumstances distinguishable from the case at hand. *See Baker v. Wells Fargo Bank, N.A.*, 1:16-cv-01943-LJO-EPG, 2017 WL 931879, at *7 (E.D. Cal. Mar. 9, 2017). In *Baker*, the plaintiff alleged that the subject property had been transferred to him by quitclaim deed, and that he was the trustee of the decedent's trust. *Id.* at *5. The court found that plaintiff lacked standing, however, relying in part on its observations that the complaint and supporting record "are devoid of any allegation or

5

indication that Plaintiff has expressly agreed to pay the indebtedness or to perform any of the obligations of the mortgage, or that he has made any effort to fulfill the obligations imposed by the Deed of Trust on the borrowers." *Id.* at *6.

Unlike the plaintiff in *Baker*, the plaintiff here alleges that she has made efforts to perform the obligations of the mortgage. Plaintiff specifically alleges that she made some payments following the death of her husband, which were accepted by the predecessor mortgage servicer. (Doc. No. 1-1 at 11.) She also alleges that she sought to assume the loan obligations, but contends that SPS denied her attempt to obtain an assumption agreement in May 2017.[2] (*Id.*) Finally, plaintiff alleges that she made several attempts over the past eight years to obtain a loan modification, to no avail. (*Id.*) The court finds that these allegations in the complaint are sufficient to distinguish this case from *Baker*.

Liberally construing plaintiff's complaint as is required by the court at this stage, and accepting all factual allegations as true, the court finds that plaintiff's legal interest in the subject property and her communications to defendant SPS seeking to assume the obligations of the loan give her standing to challenge the foreclosure in question. Defendants have not provided any case authority suggesting otherwise. The court therefore denies defendants' motion to dismiss based upon plaintiff's alleged lack of prudential standing.

b. Violation of California Code of Civil Procedure § 366.2

The court now proceeds to the sufficiency of the allegations in plaintiff's complaint. Plaintiff's first cause of action avers that the creditors of the alleged debt failed to file a claim

---

[2] Exhibit D of plaintiff's December 8, 2017 filing is the May 2017 letter purportedly denying her assumption of the subject mortgage. The court notes that this letter states defendant SPS was unable to approve plaintiff's assumption request because she failed to provide documentation necessary for SPS to complete its review. (Doc. No. 23, Ex. D, at 1.) The letter indicates that a subsequent assumption review request was opened on March 30, 2017, but as of the date of the letter, plaintiff had not submitted the required documentation. (*Id.*) The letter then advised plaintiff of what additional documentation she would need to provide before SPS could determine her eligibility to assume the mortgage. (*Id.*) Similarly, plaintiff's Exhibit N is a June 1, 2017 letter from SPS again stating that the denials of plaintiff's assumption requests "were due to SPS not receiving the required documents within the timeline specified." (Doc. No. 23, Ex. N, at 1.) The court will nonetheless evaluate the facts alleged in the light most favorable to the plaintiff, and acknowledge these letters as at least some attempt by plaintiff to communicate to SPS her desire to assume the obligations of the mortgage.

within one year of Arias' death, which occurred on April 16, 2007. (Doc. 1-1 at ¶ 4.) Citing California Code of Civil Procedure § 366.2(a), plaintiff argues that there is a one year statute of limitations for all claims against a decedent that survive the decedent's death, and that defendants' failure to file a claim within the time limit effectively discharged the debt. (*Id.* at ¶¶ 2, 5.)

California Code of Civil Procedure § 366.2(a) provides:

> If a person against whom *an action may be brought* on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, *an action may be commenced* within one year after the date of death, and the limitations period that would have been applicable does not apply. (emphasis added).

An action in this context refers to "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Cal. Code Civ. P. § 22; *see also Farb v. Superior Court*, 174 Cal. App. 4th 678, 684 (2009) ("The reference to an 'action' on the liability of a decedent relates to the statutory definition of 'action.'").

Non-judicial foreclosures under deeds of trust, however, are governed by California Civil Code § 2924, *et seq.* California courts have found that these provisions are "intended to be exhaustive," *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994), and "cover every aspect" of the foreclosure process. *I.E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985).

Non-judicial foreclosures are not "actions" contemplated by § 366.2 of the California Code of Civil Procedure. An action is an "ordinary proceeding in a court of justice," which does not include the "*extra-judicial* exercise of a right of sale under a deed of trust, which is governed by Cal. Civ. Code § 2924, *et seq.*" *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009) (rejecting plaintiff's Truth in Lending Act claim on the basis that a non-judicial foreclosure is not an "action" contemplated by the statute). Here, defendants have not filed an action seeking judicial review of their right to foreclose; it is plaintiff who has haled the defendants into court. Therefore, California Code of Civil Procedure § 366.2 is not applicable to

/////

7

this case, and plaintiff's cause of action brought pursuant thereto will be dismissed with prejudice because granting such leave would be futile in light of the noted deficiency. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court need not allow futile amendments).

    c. <u>Violation of California Commercial Code § 3118</u>

  Plaintiff's second cause of action alleges that foreclosure should be enjoined because defendants failed to commence an action within six years of default, citing California Commercial Code § 3118(a). (Doc. No. 1-1 at ¶¶ 7–8.) California Commercial Code § 3118(a) provides that "an action to enforce the obligation of a party to pay a note payable at a definite time shall be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." Cal. Comm. Code § 3118(a).

  For the same reasons that plaintiff's first cause of action fails, plaintiff's second cause of action also fails, because non-judicial foreclosure is not an action within the meaning of the statute. *See* Cal. Code Civ. P. § 22 (defining "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense"). The California Commercial Code is not applicable to the foreclosure proceedings here, because California Civil Code § 2924 *et seq.* provides the exhaustive statutory framework for non-judicial foreclosure. *See, e.g.*, *Bonete v. World Savings Bank*, No. C-15-1218 EMC, 2015 WL 4463665, at \*3 (N.D. Cal. July 21, 2015) (finding plaintiff's wrongful foreclosure claim under the California Commercial Code "without merit because the Commercial Code does not govern nonjudicial foreclosures; rather, Civil Code § 2924 *et seq.* does"); *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009) (finding that the California Commercial Code "does not govern non-judicial foreclosures, which is governed by California Civil Code section 2924").

  Accordingly, plaintiff's cause of action under California Commercial Code § 3118 will be dismissed with prejudice because granting such leave would be futile in light of the noted deficiency. *See Klamath-Lake Pharm. Ass'n*, 701 F.2d at 1293.

d. <u>Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*</u>

Plaintiff's third cause of action is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Defendants seek to dismiss this cause of action on the grounds that foreclosure is not debt collection subject to the FDCPA. (Doc. No. 4 at 6.)

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The Ninth Circuit Court of Appeals has found that the FDCPA—with the exception of one provision discussed below—does not apply to the enforcement of a security interest such as a non-judicial foreclosure proceeding. In *Ho v. ReconTrust Company, NA*, the Ninth Circuit explained that the FDCPA imposes liability only when an entity attempts to collect a *money* debt. 858 F.3d 568, 571 (9th Cir. 2016). The objective of a nonjudicial foreclosure, in contrast, is to "retake and resell the security, not to collect money from the borrower." *Id.* Thus, the Ninth Circuit held that an entity does not become a debt collector if its "only role in the debt collection process is the enforcement of a security interest." *Id.* at 573 (quoting *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006)). Even though the enforcement of a security interest may create an incentive to pay the underlying debt, the Ninth Circuit rejected the notion that this incentive was sufficient to transform security interest enforcement into debt collection, because this would "render meaningless the FDCPA's carefully drawn distinction between debt collectors and enforcers of security interests, and expand the scope of the FDCPA well past the boundary of clear congressional intent and common sense." *Id.* at 574.

Plaintiff argues that defendants engaged in debt collection by sending plaintiff the Notice of Default, Notice of Trustee's Sale, and Substitution of Attorney, (Doc. No. 1-1 at ¶ 16), and by "continuously threaten[ing] Plaintiff by scheduling foreclosure dates." (Doc. No. 8 at 9–10.) But the Ninth Circuit found that the enforcement of a security interest necessarily includes the right to send required notices and other communications to the debtor, and "[w]hen these communications are limited to the foreclosure process, they do not transform foreclosure into debt collection."

*Ho*, 858 F.3d at 574. Plaintiff has not alleged that defendants have done more than what was required to enforce the deed of trust. The complaint gives no reason to believe that defendants engaged in conduct outside the scope of what was statutorily required to foreclose.

Plaintiff cites the decision in *Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964 (9th Cir. 2017) for the broad proposition that "a foreclosure action is within the definition of the FDCPA." (Doc. No. 8 at 10.) Plaintiff misconstrues the holding of this opinion. In *Dowers*, the Ninth Circuit reaffirmed its holding in *Ho*, but observed that one provision of the FDCPA, § 1692(f)(6), regulated more than just the collection of money debt and could therefore apply to nonjudicial foreclosures. 852 F.3d at 971. The Ninth Circuit therefore affirmed the district court's dismissal of plaintiff's other FDCPA causes of action, but reversed the dismissal of plaintiff's cause of action under § 1692f(6). *Id.* Here, plaintiff brings a separate cause of action under this specific section, which the court addresses separately below.

The remainder of the cases on which plaintiff relies are authorities from other circuits that are not binding on this court.[3] Plaintiff's third cause of action under the FDCPA, broadly construed, will therefore be dismissed based upon the governing and binding Ninth Circuit authority. The dismissal will be with prejudice because granting such leave would be futile in light of the noted deficiency. *See Klamath-Lake Pharm. Ass'n*, 701 F.2d at 1293.

e. Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6)

Plaintiff brings a fourth and separate cause of action under § 1692f(6) of the FDCPA. Section 1692f(6) prohibits:

> [t]aking or threatening to take any *nonjudicial action* to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement. (emphasis added).

Contrary to defendants' assertion that the FDCPA is wholly inapplicable to their conduct, §

---

[3] Plaintiff cites the Fifth Circuit decision in *Kaltenbach v. Richards*, 464 F.3d 524 (5th Cir. 2006), and the Third Circuit decision in *Kaymark v. Bank of America, N.A.*, 783 F.3d 168 (3d Cir. 2015), but mistakenly identifies the latter as a Ninth Circuit opinion. (Doc. No. 8 at 10–11.)

10

1692f(6) includes nonjudicial foreclosures within its scope. *See Dowers*, 852 F.3d at 971; *see also Dejong v. Nationstar Mortgage LLC*, Case No. 17-cv-3653-YGR, 2017 WL 3968539, at *3 (N.D. Cal. Sept. 7, 2017) ("[T]he Ninth Circuit has recognized that, for the purposes of section 1692f(6), the FDCPA's protections run broader, and, under that section only, the FDCPA does apply to entities enforcing security interests, as in a foreclosure action.") (citation omitted); *Hinrichsen v. Bank of America, N.A.*, Case No. 17-cv-0219 DMS (RBB), 2017 WL 2992662, at *2 (S.D. Cal. July 14, 2017) ("Because 'Section 1692f(6) regulates nonjudicial foreclosure activity,' Defendants cannot escape liability on grounds that non-judicial foreclosure is not debt collection under the FDCPA.") (citation omitted).

Plaintiff contends that defendants have violated § 1692f(6) of the FDCPA "by repeatedly threatening and proceeding with a non-judicial foreclosure action on Plaintiff's Property when they have no present right to possession of the Property claimed as collateral through an enforceable security interest and there is no present intention to take possession of the property." (Doc. No. 1-1 at ¶ 27.) Plaintiff further alleges that defendants' conduct is "oppressive, fraudulent, and malicious." (*Id.* at ¶ 30.)

Having found that § 1692f(6) of the FDCPA is applicable to defendants' conduct, the court must next consider whether plaintiff has alleged sufficient facts to support her allegations. Here, plaintiff's allegations are wholly conclusory. Plaintiff provides no factual allegations indicating that defendants lack the right to possess the property or the present intention to possess the property. Moreover, plaintiff alleges no facts explaining how defendants' conduct is oppressive, fraudulent, or malicious, and the complaint otherwise parrots the language from the statute. Therefore, plaintiff's cause of action brought under § 1692f(6) will be dismissed with leave to amend.

f. Cancellation of Instruments

Plaintiff's fifth cause of action is for cancellation of instruments. (Doc. No. 1-1 at ¶¶ 31–36.) Plaintiff requests that the court cancel the purportedly invalid Assignment of Deed of Trust and other foreclosure documents. (*Id.* at ¶ 33.) California Civil Code § 3412 provides for the cancellation of a written instrument when there is "reasonable apprehension that if left

11

outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civil Code § 3412.

A request for the cancellation of an instrument is an equitable remedy that depends upon a substantive basis for liability. *See Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024 SBA, 2009 WL 4573381, at *6 (N.D. Cal. Dec. 1, 2009) ("[T]he request to cancel [a written instrument] is a request for a remedy, not a cause of action or claim."); *see also Lawson v. CitiCorp Trust Bank, FSB*, No. 2:11-cv-01163 KJM KJN PS, 2011 WL 3439223, at *7 (E.D. Cal. Aug. 5, 2011) (concluding that "cancellation of an instrument is an equitable remedy" and listing cases holding the same). Because plaintiff here presents no other viable claims for relief, she necessarily fails to assert a claim for cancellation of instruments as well. The court will dismiss this cause of action with leave to amend.

    g. <u>Violation of California Homeowner's Bill of Rights, Cal. Civ. Code § 2919, *et seq.*</u>

Plaintiff's sixth cause of action challenges defendants' legal authority to foreclose on the property under the California Homeowner's Bill of Rights, and specifically California Civil Code § 2924.17. This provision requires that documents filed with respect to a foreclosure proceeding "shall be accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a).

In her complaint plaintiff alleges that "[n]one of the recorded foreclosure documents are supported by competent or relevant evidence." (Doc. No. 1-1 at ¶ 39.) Plaintiff's reference to "robodocs" in this section indicates her belief that defendants robo-signed their foreclosure documents, though she provides no factual allegations supporting this conclusion. (*Id.*) Plaintiff cannot proceed on this claim based upon such vague and conclusory allegations. The court will therefore dismiss plaintiff's § 2924.17 cause of action with leave to amend.

    h. <u>Violation of California Business and Professions Code § 17200, *et seq.*</u>

Plaintiff's seventh and final cause of action is brought under California's Unfair Competition Law, Business and Professions Code § 17200 (the "UCL"). (Doc. No. 1-1 at ¶¶ 40–46.) Under the UCL, unfair competition includes "any unlawful, unfair, or fraudulent business act or practice." Cal Bus. & Prof. Code § 17200. To state a cause of action under the UCL, "a

12

plaintiff must allege facts sufficient to show a violation of some underlying law." *Dougherty v. Bank of Am., N.A.*, 177 F. Supp. 3d 1230, 1251 (E.D. Cal. 2016) (citing *People v. McKale*, 25 Cal.3d 626, 635 (1979)).

In her UCL cause of action, plaintiff describes a series of allegedly wrongful acts by defendants, including but not limited to: assessing improper or excessive fees; improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees; instituting improper or premature foreclosure proceedings to generate unwarranted fees; mishandling borrowers' documents resulting in fraudulent defaults and foreclosures; and executing, manufacturing, creating and recording false, fraudulent, forged and misleading deeds, assignments, notice of sale/default documents. (Doc. No. 1-1 at ¶ 43.) Beyond conclusory statements, however, in her complaint plaintiff alleges no relevant facts to support an inference that any of these alleged acts constitute unlawful, unfair, or fraudulent business practices under the UCL.

In addition, to the extent plaintiff's UCL cause of action is based on fraudulent acts, she "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such allegations must describe facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995). Here, at least with respect to any alleged default or execution of documents, plaintiff has failed to provide any specificity regarding any element of fraud.

"A UCL cause of action cannot be maintained if other causes of action based on the same factual allegations fail." *Palmer v. MTC Financial, Inc.*, No. 1:17-cv-00043-DAD-SKO, 2017 WL 2311680, at *11 (E.D. Cal. May 26, 2017). As explained above, plaintiff has failed to state any other cognizable claim. Because plaintiff's UCL cause of action relies on her other causes of action, all of which fail, the court will dismiss plaintiff's UCL cause of action with leave to amend.

/////

13

**CONCLUSION**

For the reasons set forth above:

1. Defendants' motion to dismiss (Doc. No. 4) is granted;
2. Plaintiff is granted leave to file an amended complaint consistent with this order within twenty-one days of the service of this order;[4] and
3. Any failure by plaintiff to file an amended complaint within the time provided will likely result in the dismissal of this action for failure to prosecute and failure to abide by the court's orders.

IT IS SO ORDERED.

Dated: **December 15, 2017**

UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff is advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any amended complaint plaintiff elects to file, she must include concise but complete factual allegations describing the conduct and events that underlie her claims as indicated above.