UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA ARIAS,<br><br>        Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>        Defendants. | No. 1:17-cv-01130-DAD-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>(Doc. No. 27) |

This matter came before the court on defendants' motion to dismiss plaintiff's first amended complaint. (Doc. No. 27.) A hearing on the motion was held on March 20, 2017. Attorney Mark Joseph Castro appeared specially on behalf of the plaintiff. Attorney Marvin Adviento appeared telephonically on behalf of defendants Select Portfolio Servicing ("SPS") and U.S. Bank, National Association as Trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2007-OA4 ("U.S. Bank Trust").[1] The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant the defendants' motion to dismiss the first amended complaint with prejudice.

---

[1] Sued herein as "U.S. Bank, National Association Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank, NA as Trustee on Behalf of the Holders of the Washington Mutual Mortgage Pass-through Certificates, WMALT Series 2007-OA4."

1

**BACKGROUND**

Plaintiff's first amended complaint (Doc. No. 26 [hereinafter "FAC"]) alleges as follows. In January 2007, plaintiff's husband Francisco Arias took out a loan from Loan Center of California, Inc. ("LCC") in the amount of $216,000. (FAC at 10.) Repayment of the loan was secured by a deed of trust recorded against real property located at 1121 East Ponderosa Avenue, Reedley, California, 93654. (*Id.* at 3, 10.) On January 19, 2007, LCC recorded the deed of trust and promissory note with the Fresno County Recorder's Office. (*Id.* at 10.) After the closing of the loan, plaintiff alleges LCC sold the debt to an unknown entity or entities. (*Id.* at 11.)

Mr. Arias passed away on April 16, 2007. (*Id.*) Following his death, plaintiff obtained a Spousal Order declaring the subject property as community property and that the property was to pass to plaintiff as the surviving spouse. (*Id.*) Plaintiff continued to make monthly mortgage payments, which were accepted by the then-mortgage servicer, until November 2009. (*Id.* at 11.)

In July 2009, an assignment of deed of trust was executed and recorded against plaintiff's property, which granted, assigned, and transferred the debt to defendant U.S. Bank Trust. (*Id.* at 12.) Plaintiff disputes the validity of this assignment. (*Id.*) Thereafter, a notice of default was executed and recorded on plaintiff's property, which plaintiff alleges included false statements that defendant U.S. Bank Trust was the present beneficiary under the deed of trust. (*Id.* at 13.) In October 2009, a notice of trustee's sale was executed and recorded against plaintiff's property. (*Id.*) From 2011 to 2014, plaintiff received six notices of sale from U.S. Bank Trust threatening foreclosure. (*Id.*) During this time, plaintiff attempted but was unable to obtain a loan modification. (*Id.* at 11–12.) Plaintiff also attempted to assume the obligations of the loan, but was denied by defendant SPS in May 2017 for failing to submit the required documentation. (*Id.* at 12 & Ex. C.)

According to plaintiff, in September 2016, defendant SPS executed and subsequently recorded a substitution of trustee against plaintiff's property, attempting to substitute Quality Loan Service Corporation as the foreclosing trustee. (FAC at 13.) Plaintiff alleges this substitution was invalid because it was executed by defendant U.S. Bank Trust, whom plaintiff denies is the true beneficiary of the note. (*Id.* at 13–14.) The same month, defendants caused

another notice of default to be recorded against plaintiff's property. (*Id.* at 14.) Plaintiff claims that this notice of default falsely represents that U.S. Bank Trust is the beneficiary of the alleged debt. (*Id.*) Finally, in December 2016, a notice of trustee's sale was executed and recorded against plaintiff's property. (*Id.* at 15.)

Plaintiff alleges that neither of the defendants named in this lawsuit have authority to collect on the alleged debt, service the debt, or proceed with a non-judicial foreclosure, because they are "debt collectors" pursuant to the Fair Debt Collection Practices Act ("FDCPA"), and only a creditor may initiate a foreclosure proceeding. (*Id.* at 12, 14–15.)

This court previously granted defendants' motion to dismiss plaintiff's original complaint, but granted plaintiff leave to amend certain causes of action. (Doc. No. 25.) On January 9, 2018, plaintiff filed an amended complaint, alleging four causes of action: (1) violation of the FDCPA, 15 U.S.C. § 1692f(6); (2) violation of California's Homeowner's Bill of Rights ("HBOR"); (3) cancellation of instruments; and (4) violation of California's Business & Professions Code § 17200, *et seq.* (Doc. No. 26.) On January 24, 2018, defendants filed a motion to dismiss the first amended complaint and a request for judicial notice. (Doc. Nos. 27, 28.) Plaintiff filed oppositions to the motion to dismiss and the request for judicial notice on March 10, 2018. (Doc. Nos. 31, 32.) Defendants filed a reply in support of the motion to dismiss on March 19, 2018. (Doc. No. 34.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint, if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

**A.**     **Judicial Notice**

Before turning to defendants' motion to dismiss, the court first considers defendants' request for judicial notice. (Doc. No. 28.) Defendants have requested judicial notice of the following documents: the Deed of Trust related to the subject property, recorded with the Fresno County Recorder on January 19, 2007 (Doc. No. 28, Ex. 1); an Assignment of Deed of Trust, recorded with the Fresno County Recorder on July 14, 2009 (Doc. No. 28, Ex. 2); a Substitution of Trustee, recorded with the Fresno County Recorder on September 13, 2016 (Doc. No. 28, Ex. 3); a Notice of Default and Election to Sell, recorded with the Fresno County Recorder on September 13, 2016 (Doc. No. 28, Ex. 4); and a Notice of Trustee's Sale, recorded with the Fresno County Recorder on December 19, 2016 (Doc. No. 28, Ex. 5). Plaintiff objects that the court may only take judicial notice of the existence of these documents, and not the truth of the contents therein. (Doc. No. 32.)

/////

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee*, 250 F.3d 668, 689 (9th Cir. 2001). Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see also Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

The exhibits offered by defendants for judicial notice are all matters of public record, duly recorded with the Fresno County Recorder. (*See* Doc. No. 28, Exs. 1–5.) The fact of their recording can be "accurately and readily determined" because the accuracy of the source of the records—the Fresno County Recorder—cannot reasonably be questioned. Fed. R. Evid. 201(b). Defendants' request for judicial notice will be granted.

**B.    Motion to Dismiss**

1. Standing

Defendants first argue that this action must be dismissed because plaintiff lacks prudential standing to bring the claims in this lawsuit. (Doc. No. 27 at 2–3.) Prudential standing "has come to encompass several judicially self-imposed limits on the exercise of federal jurisdiction." *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000) (internal citation and quotation marks omitted). Among those limits is the Rule 17(a) requirement that suits be maintained by the real party in interest. *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) ("Beyond this irreducible constitutional minimum of standing, we additionally require as a prudential matter that [plaintiff] assert his own legal interests as the real party in interest.") (internal citation and quotation marks omitted). Because defendants challenge plaintiff's prudential standing as the real party in interest, rather than her constitutional

standing, this motion is properly analyzed under Rule 12(b)(6). *See Doe v. Hamburg*, No. C-12-3412, 2013 WL 3783749, at *5 (N.D. Cal. July 16, 2013) ("While constitutional standing is evaluated under [Rule] 12(b)(1), prudential standing is evaluated under Rule 12(b)(6).").

Defendants note that plaintiff was not a borrower on the loan, and that although she received title to the property pursuant to a Court Spousal Order, she fails to allege that she was ordered liable for payments under the loan that encumbered the property. (Doc. No. 27 at 3.) Defendants argue that plaintiff therefore is not a "consumer" pursuant to 15 U.S.C. § 1692(a)(3), which defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." (*Id.* at 3.) Plaintiff's opposition responds only that plaintiff has standing to file this lawsuit because she is the owner of the property. (Doc. No. 31 at 3.)

Defendants fail to address why plaintiff, as a successor in interest to the property, does not have standing to challenge a foreclosure of that property. *See Ward v. Wells Fargo Home Mortgage, Inc.*, No. 14-cv-00565 NC, 2014 WL 3885836, at *3 (N.D. Cal. Aug. 7, 2014) (holding that plaintiff could bring an action on behalf of deceased mortgagor against mortgagee "if she is the personal representative of [the] estate or [decedent's] successor in interest."). The cases defendants rely on to suggest otherwise are inapposite. In *Santiago v. Bismark Mortgage Co., LLC*, the court dismissed claims brought by the girlfriend of the mortgagor because she "was not a party to the mortgage loan, and did not receive [the mortgagee's] collection notice." No. 10-00467 SOM/KSC, 2011 U.S. Dist. LEXIS 22693, at *13–14 (D. Haw. Mar. 4, 2011). The only other case defendants cite is *Clingman v. Somy*, in which the court dismissed claims brought by the joint tenant plaintiff because "she is not on the note and the BAC defendants are not collecting a debt against her." No. 2:10-cv-1834 JCM (LRL), 2011 U.S. Dist. LEXIS 10756, at *12–13 (D. Nev. Feb. 3, 2011). Although plaintiff here does not dispute that she was not a party to the loan, she alleges that defendants have attempted to collect the debt against her, by sending her monthly mortgage statements, among other written communications. (FAC at ¶ 10.) Moreover, in neither case cited by defendants was the party to the mortgage loan a deceased spouse of the plaintiff, and in neither case was the plaintiff the sole owner of the property at issue. This case thus presents facts readily distinguishable from those of *Santiago* and *Clingman*.

Liberally construing plaintiff's complaint as is required by the court at this stage, and accepting all factual allegations as true, the court finds that plaintiff's legal interest in the subject property gives her standing to challenge the foreclosure in question. *See Ward*, 2014 WL 3885836, at *3. The court therefore denies defendants' motion to dismiss based upon plaintiff's alleged lack of prudential standing.

### 2. Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6)

The court now turns to the sufficiency of the allegations in plaintiff's first amended complaint. Plaintiff's first cause of action is under § 1692f(6) of the FDCPA. (FAC at ¶¶ 1–18.) Section 1692f(6) prohibits:

> [t]aking or threatening to take any *nonjudicial action* to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement. (emphasis added).

The FAC alleges that defendants have violated § 1692f(6) of the FDCPA because "they have no present right to possession of the Property claimed as collateral through an enforceable security interest and there is no present intention to take possession of the property." (FAC at ¶ 3.) The FAC further alleges that defendants are debt collectors pursuant to the FDCPA and are "using unfair or unconscionable means to collect or attempt to collect a debt." (*Id.* at ¶ 4.) Plaintiff's opposition to the pending motion to dismiss offers no further facts: it simply states that "[t]he foreclosure documents were created and publicly recorded in violation of 15 U.S.C. § 1692j(a)(b) and was compiled and designed in order to collect payment from an illegal sale of the Plaintiff's personal private Property in violation of 15 U.S.C. § 1692f(6)." (Doc. No. 31 at 9.)

Plaintiff's allegations are wholly conclusory. In light of the judicially noticed documents, and plaintiff's failure to provide any factual allegations indicating that defendants lack the right to possess the property or the present intention to possess the property, plaintiff's cause of action brought under § 1692f(6) will be dismissed.

/////

/////

3. <u>Violation of California Homeowner's Bill of Rights</u>

Plaintiff's second cause of action challenges defendants' legal authority to foreclose on the property under the California Homeowner's Bill of Rights, and specifically California Civil Code §§ 2924.17 and 2924(a)(6). (FAC at ¶¶ 19–25.) Section 2924.17 requires that documents filed with respect to a foreclosure proceeding "shall be accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a). Section 2924(a)(6) requires that:

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

Plaintiff alleges that defendants have violated § 2924.17 because they "failed to provide competent and relevant support to their authorization to proceed with a non-judicial action against Plaintiff's Property as debt collectors." (FAC at ¶ 21.) Plaintiff also alleges that "[d]efendants are not creditors with the power to enforce the power of sale contained in a DOT . . . [and] have failed to provide an adequate chain of title that would demonstrate their authority to proceed with a non-judicial foreclosure." (FAC at ¶¶ 22–23.)

Once again, plaintiff cannot proceed on this claim based upon vague and conclusory allegations. Considering the judicially-noticed documents, which plaintiff has made no credible attempt to refute, and the complete lack of factual allegations in support of this claim, the court will dismiss plaintiff's cause of action under §§ 2924.17 and 2924(a)(6).

4. <u>Cancellation of Instruments</u>

Plaintiff's third cause of action is for cancellation of instruments. (FAC at ¶¶ 26–30.) California Civil Code § 3412 provides for the cancellation of a written instrument when there is "reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civil Code § 3412. Plaintiff requests that the court order defendants to produce the Deed of Trust and other related documents so that they may be

canceled or declared void because they are fraudulent. (FAC at ¶¶ 27, 30.)

A request for the cancellation of an instrument is an equitable remedy that depends upon a substantive basis for liability. *See Yazdanpanah v. Sacramento Valley Mortg. Grp.*, No. C 09-02024 SBA, 2009 WL 4573381, at *6 (N.D. Cal. Dec. 1, 2009) ("[T]he request to cancel [a written instrument] is a request for a remedy, not a cause of action or claim."); *see also Lawson v. CitiCorp Trust Bank, FSB*, No. 2:11-cv-01163 KJM KJN PS, 2011 WL 3439223, at *7 (E.D. Cal. Aug. 5, 2011) (concluding that "cancellation of an instrument is an equitable remedy" and listing cases holding the same). Because plaintiff presents no other viable claims for relief, she necessarily fails to assert a claim for cancellation of instruments. The court will dismiss this cause of action.

### 5. Violation of California Business and Professions Code § 17200, *et seq.*

Plaintiff's fourth and final cause of action is brought under California's Unfair Competition Law, Business and Professions Code § 17200 (the "UCL"). (FAC at ¶¶ 31–37.) Under the UCL, unfair competition includes "any unlawful, unfair, or fraudulent business act or practice." Cal Bus. & Prof. Code § 17200. To state a cause of action under the UCL, "a plaintiff must allege facts sufficient to show a violation of some underlying law." *Dougherty v. Bank of Am., N.A.*, 177 F. Supp. 3d 1230, 1251 (E.D. Cal. 2016) (citing *People v. McKale*, 25 Cal.3d 626, 635 (1979)).

In her UCL cause of action, plaintiff describes a series of allegedly wrongful acts by defendants, including but not limited to: assessing improper or excessive fees; improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees; instituting improper or premature foreclosure proceedings to generate unwarranted fees; mishandling borrowers' documents resulting in fraudulent defaults and foreclosures; and executing, manufacturing, creating and recording false, fraudulent, forged and misleading deeds, assignments, notice of sale/default documents. (FAC at ¶ 34.) Aside from the additional allegation that defendants "fail[ed] to disclose the principal for which documents were being executed and recorded in violation of *Cal. Civ. Code section 1095*," (*id.*), plaintiff's allegations are otherwise identical to those alleged in plaintiff's original complaint. Beyond

9

conclusory statements, however, the FAC alleges no relevant facts to support an inference that any of these alleged acts constitute unlawful, unfair, or fraudulent business practices under the UCL.

In addition, to the extent plaintiff's UCL cause of action is based on fraudulent acts, she "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such allegations must describe facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995). Here, plaintiff has failed to provide any specificity regarding any element of fraud.

Finally, "[a] UCL cause of action cannot be maintained if other causes of action based on the same factual allegations fail." *Palmer v. MTC Financial, Inc.*, No. 1:17-cv-00043-DAD-SKO, 2017 WL 2311680, at *11 (E.D. Cal. May 26, 2017). As explained above, plaintiff has failed to state any other cognizable claim. Because plaintiff's UCL cause of action relies on her other causes of action, all of which fail, the court must also dismiss plaintiff's UCL cause of action.

**C.    Leave to Amend**

The undersigned has considered whether plaintiff may further amend her complaint to allege sufficient facts to state a claim for each of her causes of action. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend should be freely given, the court does not have to allow futile amendments).

Here, the court previously dismissed claims against these defendants with leave to amend. Nonetheless, plaintiff has identified no new facts in the FAC that would give rise to cognizable claim against them. In the court's view, plaintiff has been unable to cure the deficiencies noted in the order dismissing her original complaint. Accordingly, the court concludes that granting further leave to amend in this case would be futile.

**CONCLUSION**

For the reasons set forth above:

1. Defendants' motion to dismiss the first amended complaint (Doc. No. 27) is granted in its entirety;
2. Plaintiff's first amended complaint (Doc. No. 26) is dismissed with prejudice; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 28, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE